UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY PLAIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:16-CV-540 AGF |
| GENE STUBBLEFIELD, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for reconsideration. The motion is denied. However, the Court will allow Plaintiff to file an amended complaint.

Plaintiff brought this action against several officials and former officials of the City of St. Louis and the City of St. Louis City Justice Center. He alleged that from July 2009 through March 2011 several of his constitutional rights were violated. He claimed that he was denied religious accommodations because he is Wiccan, that he was denied recreation, that staff often left his unit unattended, and that he was subjected to racial discrimination.

Plaintiff filed this action on April 13, 2016. The Court determined that the complaint was barred by Missouri's five-year statute of limitations and dismissed it. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

On April 29, 2016, Plaintiff moved to file an amended complaint. The Court denied the motion on the basis that the amendment was futile because his claims remained barred by the limitations period.

Plaintiff moves for reconsideration on two grounds. First, he says that the violations of his constitutional rights continued until he was transferred to the Bureau of Prisons on April 18,

2011.  Second, he argues that he is entitled to equitable tolling because he lacks knowledge about the law.

In his original complaint, Plaintiff did not allege any violations of his constitutional rights beyond March 2011, when he said he requested an Informal Resolution Request form and an unspecified person refused to provide him with one.  In his amended complaint, he alleged that Defendants "hindered and deprived [him] from his Constitutionally protected rights, until [he] was physically delivered to the custody of the Federal Bureau of Prisons on April 18, 2011."  However, he did not allege any misconduct on the part of the named Defendants beyond February 15, 2016.

The Court cannot grant relief because Plaintiff has not alleged that any specific defendant violated a specific constitutional right after April 13, 2011.  In order to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  It is not sufficient to say that "defendants" acted badly and caused harm.  The complaint must state how each individual defendant contributed to the constitutional violation.  *Id.*

Because Plaintiff is pro se, the Court will allow him to file a second amended complaint, which the Court will review under 28 U.S.C. § 1915(e).  **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**.  *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**.  *Id.*  **Plaintiff must allege how each and every Defendant is directly responsible**

**for the alleged harm, especially after April 13, 2011. In order to sue Defendants in their individual capacities, Plaintiff must specifically say so in the complaint. If Plaintiff fails to sue Defendants in their individual capacities, this action may be subject to dismissal.** Finally, if Plaintiff requests equitable tolling of the limitations period, he must state what it was that prevented him from filing this action in a timely manner. *See O'Reilly v. Dock*, 929 S.W.2d 297, 301 (Mo. Ct. App. 1996 ("Mere ignorance on the part of a Plaintiff does not toll the statute of limitations where reasonable diligence on his or her part would have revealed the injury or wrongful conduct.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [ECF No. 12] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within twenty-one (21) days of the date of this Order. If he does not file an amended complaint within this time, the Court will not consider it.

Dated this 31st day of October, 2016.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE